UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEARTLAND PAYMENT SYSTEMS, INC., | No. C 10-0654 MHP |
| Plaintiff, | |
| v. | **MEMORANDUM & ORDER** |
| VERIFONE ISRAEL LTD., | **Re: Defendant's Motion to Dismiss or Transfer** |
| Defendant. | |

    Plaintiff Heartland Payment Systems, Inc. ("Heartland" or plaintiff) brought this action against VeriFone Israel, Ltd. ("VeriFone" or defendant) seeking declarations of non-infringement and invalidity as to U.S. Patent No. 6,853,093 ("the '093 patent"). Defendant moved to dismiss or, alternatively, to transfer this action. The parties have fully briefed the motion. Having reviewed and considered the parties' papers and deeming this motion suitable for decision without oral argument in accordance with Local Civil Rule 7-1(b), the court enters the following memorandum and order.

BACKGROUND

    On September 9, 2009, VeriFone sued Heartland in this district alleging infringement of the '093 patent. Docket No. 25 (Steinberg Dec.), Exh. A (Northern District Infringement action). Ten days later, on September 19, 2009, Heartland sued VeriFone's parent company, VeriFone Holdings, Inc., alleging numerous New Jersey state law claims. *Id.*, Exh. B (New Jersey State action).

    On October 13, 2009, VeriFone amended its complaint in the Northern District Infringement action. It added its parent company and sought declaratory relief from Judge Breyer regarding state

law claims asserted by Heartland in the New Jersey State action. *Id.*, Exh. C (Amended Complaint). Heartland then sought dismissal of the state law claims for declaratory relief based on the first-to-file rule. *Id.*, Exh. R (Motion to Dismiss State Claims) at 20.

On November 6, 2009, Heartland filed suit in the United States District Court for the District of New Jersey alleging that VeriFone violated the Lanham Act. *Id.*, Exh. D (New Jersey Lanham action). The same day, VeriFone filed suit in this district alleging that Heartland violated the Lanham Act. *Id.*, Exh. E (Northern District Lanham action).

VeriFone attempted to relate the two Northern District actions; however, the motion to relate was denied by Judge Breyer. *Id.*, Exh. M (Motion to Relate); Docket No. 35 (Bishop Dec.), Exh. A (Denial). VeriFone also attempted to transfer the New Jersey Lanham action to the Northern District. Steinberg Dec., Exh. Q (Motion to Transfer). In opposition to VeriFone's motion to transfer, Heartland argued that transfer would not lead to efficiency because parties would still need to litigate the New Jersey State action in New Jersey and that the harm to Heartland occurred in New Jersey. *Id.*, Exh. F (Opposition to Motion to Transfer). On December 7, 2009, Judge Cooper declined to transfer the New Jersey Lanham action to the Northern District. *Id.*, Exh. G (Order).

After denying a temporary restraining order on November 9, 2009, *id.*, Exh. N, Judge Cooper issued a written decision on December 23, 2009, denying Heartland's motion for a preliminary injunction regarding the Lanham Act claims. *Id.*, Exh. I (Denial of Preliminary Injunction); *see also Heartland Payment Sys., Inc. v. VeriFone Holdings, Inc.*, No. 09-5654, 2009 WL 5171863, at *2-14 (D.N.J. Dec. 23, 2009). She explained that "review of the complaint in the patent infringement action confirms that the VeriFone POS terminals currently in use will not be affected by the patent infringement action itself," but that those terminals could nevertheless be impacted by "the fundamental dispute between the parties, which VeriFone identifies as having origins in Heartland's alleged infringement." Denial of Preliminary Injunction at 23. On December 30, 2009, Heartland filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit.

On February 15, 2010, both VeriFone and its parent company dismissed both their actions then pending in the Northern District of California. *Id.*, Exhs. U & V (Voluntary Dismissals).

The next day, February 16, 2010—when VeriFone's answer was due in the New Jersey Lanham action—VeriFone asserted the '903 patent claims as counterclaims at 4:01 p.m. Pacific Standard Time in the New Jersey Lanham action. *Id.*, Exh. W (Counterclaim); Exh. Y (Proof of Service). This consolidated all the litigation in New Jersey. The same day, albeit an hour prior to VeriFone's counterclaim filing, Heartland—which had yet to file an action in the Northern District—filed this declaratory judgment action regarding the '903 patent in this district at 3:18 p.m. Pacific Standard Time. Docket No. 1 (Complaint); *see also* Steinberg Dec., Exh. X (Time-stamped Complaint).

VeriFone has moved to dismiss this action, or alternatively, to transfer it to the New Jersey.

DISCUSSION

Defendant seeks dismissal of this action under the "first-to-file" doctrine. Alternatively, defendant seeks a transfer of this action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. section 1404(a). Each issue is discussed in turn.

I.   First-to-file

According to the first-to-file doctrine, a district court may "decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir.1982). In applying the rule, courts consider three factors: "(1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues." *Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003) (Whyte, J.). If the rule applies, the court in which the second suit was filed may transfer, stay or dismiss the proceeding to allow the court in which the first suit was filed to decide whether to try the case. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 622 (9th Cir.1991). There is no dispute that there exists identity of parties and similarity of issues between the patent counterclaims in the New Jersey Lanham action and this patent declaratory judgment action. The dispute centers around which action was first-filed.

3

Heartland claims this action was first-filed because VeriFone had already voluntarily dismissed its patent infringement claims when Heartland brought its declaratory judgment action. If Heartland is correct, then this action was first-filed. However, the first-to-file rule is applied by the court hearing the second suit, not the first. *Id.*; *Pacesetter Systems, Inc.*, 678 F.2d at 94-95 (the first-to-file doctrine allows for the court adjudicating the second-filed action to "decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district."); *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir.1993) (the rule "gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction."); *see also* Docket No. 33 (Opposition) at 8:4-6 ("VeriFone Israel's later-filed counterclaims in the District of New Jersey seek judgment on an identical issue, *that court* should dismiss the counterclaims." (emphasis added)). Thus, if Heartland is correct, the arguments relating to the first-to-file doctrine are before the wrong forum.

VeriFone argues that it is the effective first-filer because it undisputedly brought the first infringement action regarding the '093 patent. However, VeriFone thereafter dismissed its action, with no indication that it would bring suit elsewhere. Nonetheless, VeriFone claims it is the effective first-filer because it later brought suit in a different forum. VeriFone provides no authority for this proposition. Even if VeriFone was somehow the effective first-filer, dismissal does not follow. VeriFone does not explain why, or how, the doctrine applies where the first-filer has chosen to thereafter dismiss the suit and bring it elsewhere. VeriFone's argument turns the doctrine on its head by arguing that even though it was the first-to-file in this district, this court should dismiss the current action, the purported second action, because VeriFone thereafter decided to bring its claims in the District of New Jersey. It is unable to provide any support, and the court is not aware of any, where the first-to-file doctrine was used to dismiss the second action then-pending in the same district where the first action was initially filed. *Contra Fakespace Labs, Inc. v. Robinson*, 2000 WL 1721061, at *2 (N.D. Cal. Nov. 6, 2000) (Alsup, J.) (plaintiffs' federal suit in the same state was found to be "a continuation of their state-court suit, which was filed before [defendants'] declaratory

4

relief suit."). VeriFone wants to have its cake and eat it too. It claims that it is the first-filer by virtue of filing in this district, while it concurrently seeks dismissal of this action. To the extent VeriFone was the first-filer, it was so in this district and the doctrine requires the action to remain here. Plaintiff is correct that the rule "does not give the first-filer the right to make a back-door transfer of its claims by dismissing a case in an unfavorable district and filing elsewhere." Opposition at 8:16-18.

VeriFone claims that an exception to the doctrine applies because Heartland acted in bad faith by filing an anticipatory suit. *Alltrade, Inc.*, 946 F.2d at 628. Anticipatory suits are disfavored in order to encourage settlement talks prior to initiating a race to the courthouse. *See Inherent. com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097-98 (N.D. Cal. 2006) (Patel, J.) (Inherent threatened suit within five days if a settlement was not reached, and Martindale-Hubbell filed a declaratory relief action at the end of that period); *Z-Line Designs, Inc.*, 218 F.R.D. at 666 (allowing anticipatory suits "would encourage parties interested in protecting their intellectual property rights to file a complaint prior to attempting settlement."). Although there is no indication that Heartland filed suit here in response to a specific, concrete indication that a VeriFone lawsuit in New Jersey was imminent, Heartland does admit that "[f]earing that VeriFone and VeriFone Israel would employ this strategy [of filing patent suits in New Jersey], Heartland filed a declaratory judgment action to insure that the patent case be heard on its own consistent with the decisions of Judge Breyer and this Court." Docket No. 44 (Steinberg Reply Dec.), Exh. A (Motion to transfer) at 14. Although Heartland has failed to relate the instant action to the earlier filed action in front of Judge Breyer, Heartland did not disrupt VeriFone's initial choice of forum by filing its declaratory judgment action in this district. Thus, Heartland's actions do not require invocation of the anticipatory suit exception as VeriFone is not being forced to litigate in a forum other than where the first action was filed.

VeriFone also argues that Heartland is forum shopping. VeriFone again ignores that it first brought suit against Heartland here, which Heartland never sought to transfer. Moreover, the risk of forum shopping is low since patent claims are adjudicated similarly nationwide, and no adverse

5

decisions regarding the patent claims have yet to be rendered by any court. *Contra Alexander v. Franklin Resources, Inc.*, No. 06-7121, 2007 WL 518859, at *4 (N.D. Cal. Feb. 14, 2007) (Illston, J.) (transfer appropriate "where the same plaintiff represented by the same law firm filed a similar lawsuit in New Jersey, and after receiving unfavorable rulings from that court, filed the instant case.").

While Heartland technically filed its action first, the timing of the two filings at issue was so close that the 'first-to-file' rule is not dispositive. *See Nordson Corp. v. Speedline Techs., Inc.*, No. C-00-2769 PJH, 2000 U.S. Dist. LEXIS 15240, at *7 (N.D. Cal. Oct. 10, 2000) (Hamilton, J.). An exception to the first-to-file rule applies when "the balance of convenience weighs in favor of the later-filed action." *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal.1994) (Whyte, J.). This is analogous to the "convenience of parties and witnesses" under a transfer of venue motion, 28 U.S.C. section 1404(a). *Med-Tec Iowa, Inc. v. Nomos Corp.*, 76 F. Supp. 2d 962, 970 (N.D. Iowa 1999); *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 133 (S.D.N.Y. 1994). The court with the first-filed action should normally weigh the balance of convenience. *Alltrade Inc.*, 946 F.2d at 628. VeriFone argues in the alternative that this action should be transferred under 28 U.S.C. section 1404(a). The court turns to that issue now.

II.     Section 1404(a) transfer

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A motion to transfer venue lies within the broad discretion of the district court and must be determined on an individualized basis. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The burden of showing that transfer is appropriate is on the moving party. *Carolina Casualty Co. v. Data Broad. Corp.*, 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001) (Walker, J.). District courts use a two-step analysis to determine whether a transfer is proper.

The threshold question under section 1404(a) requires the court to determine whether the case could have been brought in the forum to which the transfer is sought. 28 U.S.C. § 1404(a). There is no dispute that this action could have been brought in the District of New Jersey, the forum

6

to which transfer is sought. If venue would be appropriate in the would-be transferee court, then the court must make an "individualized, case-by-case consideration of convenience and fairness." *Jones*, 211 F.3d at 498.

Plaintiff chose to file suit in this district. Although its "choice of forum is certainly entitled to some deference, the weight of this consideration is mitigated where a plaintiff has commenced an action in a forum that is not his or her residence." *Tulare County Audubon Soc. v. Espy*, 1993 WL 204326, at *2 (N.D. Cal. June 3, 1993) (Lynch, J.). Heartland is a New Jersey resident, and as such, its choice of venue in the Northern District is entitled to less deference.

Heartland's choice of venue is outweighed by the interests of justice because transferring this action will lead to efficiency gains. Indeed, "appearing in a single district is more convenient than appearing in two different districts on opposite coasts of the country." *Alexander v. Franklin Resources, Inc.*, No. C06-7121 SI, 2007 WL 518859, at *3 (N.D. Cal. Feb. 14, 2007) (Illston, J.). There is no question that transfer will confine the entirety of the litigation between the parties to the state and federal courts of New Jersey. Moreover, transfer will allow all the patent related claims to be heard by the District of New Jersey. To the extent this action is related to or consolidated with the currently pending New Jersey Lanham action in front of Judge Cooper, transfer would reduce the possibility of parties benefitting by taking inconsistent positions and allow all disputes to be heard by a judge who is familiar with the parties and their arguments. *See generally* Denial of Preliminary Injunction. To the extent Heartland desires to keep its patent claims separate from the allegedly unrelated claims being litigated in New Jersey, it should be able to successfully argue that subsequent to transfer, the two federal New Jersey actions should not be related or consolidated. Indeed, Heartland did exactly that when it successfully opposed a motion to relate in this district. Consequently, Heartland's arguments regarding the differences between the New Jersey Lanham action and this action, including issues of equitable title and jury confusion, are inapposite. There is no doubt that unnecessary inefficiencies and burdens will be imposed on both the court and parties if the two actions are simultaneously litigated on opposite sides of the country.

7

1  The issues in this action and the New Jersey action are not identical, but they are intertwined.
2  *See id.* at 23 (VeriFone identifies the fundamental dispute between the parties as stemming from
3  Heartland's patent infringement). In the New Jersey Lanham action, Heartland has already:
4  1) propounded document requests relating to the patent infringement lawsuit, Steinberg Dec., Exh. O
5  (Discovery Request) ¶ 15; 2) sought discovery regarding an alleged admission made by Heartland's
6  CEO regarding patent infringement, *id.* ¶ 25; 3) sought a deposition regarding repercussions of the
7  patent infringement lawsuit, *id.*, Exh. P (Deposition Request) ¶ 6; 4) asked VeriFone's CEO
8  numerous questions regarding the '093 patent, *id.*, Exh. J (Bergeron Depo.) at 16-20, 67-71, 76; and
9  5) submitted a declaration from its CEO that claims Heartland does not infringe VeriFone's patent,
10 *id.*, Exh. K (Carr Dec.) ¶ 5. There is no doubt that discovery regarding the various currently-
11 pending actions will overlap, which also militates in favor of transfer.

12 Heartland argues that transfer is inappropriate because many witnesses are located in
13 California. However, it identifies only one potential witness that is located in California. Docket
14 No. 34 (Elefant Dec.) ¶ 8. The remainder are located in Texas, Georgia or New Jersey. *Id.* It also
15 argues that this forum is more convenient for third-party witnesses, who are located in California,
16 Hong Kong, Taiwan, Indiana and Texas. Heartland's argument regarding witness convenience rings
17 hollow, however, because Heartland has argued—when opposing a similar motion to transfer in the
18 District of New Jersey—that New Jersey is the more convenient forum because the alleged
19 infringing activity took place in New Jersey, not California. Steinberg Dec., Exh. T (Hearing
20 transcript) at 140:16-21 (Heartland claimed that VeriFone "filed [the patent infringement action] in
21 California despite the alleged infringing activity of Heartland being in New Jersey."). Indeed,
22 contrary to its current position, Heartland argued in New Jersey that VeriFone forum shopped by
23 bringing actions in California. In light of Heartland's shifting sands approach, the witness
24 inconvenience, if any, does not outweigh the judicial efficiency gained through transfer.

25 Finally, Heartland baldly claims that it has done a "significant amount of preliminary work
26 and analysis on the patent case" and that transferring the case to New Jersey would lead to a
27 "significant increase in expense for Heartland as its entire outside patent litigation team is located in
28

8

California." Bishop Dec. ¶ 11. Although this could demonstrate the differences in the costs of litigation in the two fora, Heartland does not explain the scope of "significant," nor does it explain why its current attorneys' institutional knowledge cannot be transferred to New Jersey attorneys, which, incidentally is not only where Heartland is headquartered but also where Heartland has recently brought two lawsuits against VeriFone. On the merits, no significant progress regarding the patent claims occurred during the prior Northern District litigation: a motion to dismiss the New Jersey state law causes of action, which did not touch the patent claims, was filed and briefed; and Heartland opposed VeriFone's attempt to relate the two actions in this district. After the motion to relate was denied, the parties engaged in settlement discussions that appear to have been unfruitful. *Id.* There is no indication that any infringement or invalidity contentions were exchanged. Nor is there any indication that any patent discovery took place. Although parties exchanged Rule 26 initial disclosures, this exchange is not prejudicial since those disclosures can be filed in New Jersey.

Here, it is Heartland that seeks to have its cake and eat it too. It argues that it was first-to-file because VeriFone's dismissal of the Northern District patent action means that "the parties are left as though no action had been brought," Opposition at 7-8, while concurrently claiming that it has already spent significant resources in litigating in this district. Heartland cannot have it both ways. The efficiency inherent in litigating this action in Heartland's home forum is not overcome by Heartland's hardship, if any. Efficiency is best served by transferring this action to New Jersey as Heartland has already avoided transfer of the New Jersey actions to California.

CONCLUSION

VeriFone's motion to dismiss is DENIED. VeriFone's motion to transfer is GRANTED. This action is ordered TRANSFERRED to the United States District Court for the District of New Jersey. The Clerk of Court shall transmit the file forthwith.

IT IS SO ORDERED.

Dated: April 22, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

9